1 | ERIC DONEY, #76260
edoney@donahue.com
2 | JULIE E. HOFER, #152185
jhofer@donahue.com
3 | ANDREW S. MACKAY, #197074
amackay@donahue.com
4 | DONAHUE FITZGERALD LLP
1999 Harrison Street, 25th Floor
5 | Oakland, California 94612-3520
Telephone:  (510) 451-3300
6 | Facsimile:  (510) 451-1527

7 | Attorneys for Plaintiffs
ADOBE SYSTEMS INCORPORATED,
8 | AUTODESK, INC. and COREL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ADOBE SYSTEMS INCORPORATED, a Delaware corporation, AUTODESK, INC., a Delaware corporation and COREL CORPORATION, a Canadian corporation, | CASE NO. |
|---|---|
| | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| FOREVER 21, INC., a Delaware corporation, and FOREVER 21 RETAIL, INC., a California Corporation, | |
| Defendants. | |

Plaintiffs Adobe Systems Incorporated ("Adobe"), Autodesk, Inc. ("Autodesk") and Corel Corporation ("Corel") (collectively hereinafter referred to as "Plaintiffs") state and allege as follows for their complaint against defendants Forever 21, Inc. ("F21") and Forever 21 Retail, Inc. ("F21 Retail") (collectively hereinafter referred to as "Defendants").

## JURISDICTION AND VENUE

### Parties

1. Adobe is a Delaware corporation with its principal place of business in San Jose, California.

2. Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

3. Corel is a Canadian corporation with its principal place of business in Ottawa, Ontario, Canada.

4. Plaintiffs are informed and believe and thereon allege that F21 is a Delaware corporation with its principal place of business in Los Angeles, California.

5. Plaintiffs are informed and believe and thereon allege that F21 Retail is a California corporation with its principal place of business in Los Angeles, California.

6. Plaintiffs are informed and believe and thereon allege that each of the Defendants was the agent, employee, and/or alter-ego of each of the other, and at all times relevant herein, acted within the course and scope of such agency and/or employment.

### Jurisdiction

7. This case is a civil action arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 17 U.S.C. § 501, *et seq.* (copyright), 28 U.S.C. § 1331 (federal subject matter jurisdiction), and 28 U.S.C. § 1338(a) (copyright actions).

8. Plaintiffs are informed and believe and thereon allege that Defendants are doing business in the Northern District of California.

### Venue

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and

1400(a).

### Intradistrict Assignment

10. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

### **GENERAL ALLEGATIONS**

### Introduction

11. Plaintiffs are in the business of, and have made and continue to make substantial investments of time, effort, and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing a wide variety of software products recorded on various media, including, without limitation, optical disks for use on computers.

12. In connection with Plaintiffs' software products, Plaintiffs own copyrights that are the subject of registrations with the United States Copyright Office.

13. Widespread use of illegal copies of Plaintiffs' software products (commonly known as software piracy) has caused, and continues to cause, significant harm to Plaintiffs and undermines Plaintiffs' investments in their products.

14. Plaintiffs' bring this action as a result of Defendants' willful, repeated and ongoing unauthorized reproduction and use of certain of Plaintiffs' software products. Defendants' actions and omissions complained of herein were, and continue to be, undertaken willfully, intentionally, and maliciously and have caused, and continue to cause, substantial damage to Plaintiffs.

15. Plaintiffs respectfully request that the Court enter an injunction against Defendants and award Plaintiffs damages, costs, and attorney's fees as allowed by statute.

### **Adobe's Software Products and Copyrights**

16. Adobe's software products include multimedia, creativity, Internet application, document services, and other programs, including Adobe® Acrobat® 6 Professional software, Adobe® Acrobat® 7 Professional software, Adobe® Acrobat® 8 Professional software, Adobe® Acrobat® 9 Professional software, Adobe® Acrobat® 9 Standard software, Adobe® Acrobat® X Professional software, Adobe® Acrobat® XI Professional software, Adobe® After Effects® CC

software, Adobe® Captivate® 5.5 software, Adobe® Captivate® 6 software, Adobe® Captivate® 7 software, Adobe® Creative Suite® 2.0 Design Standard software, Adobe® Creative Suite® 2.3 Premium software, Adobe® Creative Suite® 4.0 Design Standard software, Adobe® Creative Suite® 5.0 Design Standard software, Adobe® Creative Suite® 5.0 Premium software, Adobe® Creative Suite® 5.5 Design Premium software, Adobe® Creative Suite® 5.5 Design Standard software, Adobe® Creative Suite® 6 Design & Web Premium software, Adobe® Creative Suite® 6 Design Standard software, Adobe® Dreamweaver® CS5 software, Adobe® Dreamweaver® CS5.5 software, Adobe® Dreamweaver® CS6 software, Adobe® Fireworks® CS5 software, Adobe® Flash® Catalyst CS5 software, Adobe® Flash® Catalyst CS5.5 software, Adobe® Flash® Professional CS5 software, Adobe® Flash® Professional CS5.5 software, Adobe® Flash® CS6 Professional software, Adobe® Illustrator® 8.0 software, Adobe® Illustrator® 10.0 software, Adobe® Illustrator® CS2 software, Adobe® Illustrator® CS3 software, Adobe® Illustrator® CS4 software, Adobe® Illustrator® CS5 software, Adobe® Illustrator® CS6 software, Adobe® InDesign® CS2 software, Adobe® InDesign® CS4 software, Adobe® InDesign® CS5 software, Adobe® InDesign® CS5.5 software, Adobe® InDesign® CS6 software, Adobe® Photoshop® 6.0 software, Adobe® Photoshop® 7.0 software, Adobe® Photoshop® CS2 software, Adobe® Photoshop® CS3 software, Adobe® Photoshop® CS4 software, Adobe® Photoshop® CS5 software, Adobe® Photoshop® CS6 software, Adobe® Photoshop® CS6 Extended software, Adobe® Photoshop® Lightroom® 3.0 software, Adobe® Photoshop® Lightroom® 4.0 software, and Adobe® Premiere® Pro CC software. These products, along with their reference materials, are hereinafter collectively referred to as the "Adobe Products."

17.     The Adobe Products contain a large amount of material that is wholly original with Adobe and is copyrightable subject matter under the laws of the United States. At all times herein relevant, Adobe complied in all respects with the Copyright Act and secured the exclusive rights and privileges in and to the copyrights in the Adobe Products (collectively the "Adobe Copyrights").

18.     Each of the Adobe Products is an original work, copyrightable under the Copyright Act, and has been timely registered in full compliance with the Copyright Act. Adobe has

1 received a Certificate of Registration from the Register of Copyrights for each of the Adobe
2 Products (see Exhibit A).

3     19. Since the registration of the Adobe Copyrights, the Adobe Products have been
4 published and distributed by Adobe or under its authority in compliance with the provisions of the
5 Copyright Act. Adobe has thus fully maintained the validity of the copyrights in the Adobe
6 Products.

7     20. Adobe has never authorized Defendants to copy or reproduce the Adobe Products
8 in violation of any of the Adobe Copyrights.

## Autodesk's Software Products and Copyrights

10     21. Autodesk's software products include computer-aided design programs and other
11 programs, including Autodesk® 3ds Max® 2009 software, Autodesk® AutoCAD LT® 2012
12 software, Autodesk® AutoCAD LT® 2014 software, Autodesk® AutoCAD® 2008 software,
13 Autodesk® AutoCAD® 2009 software, Autodesk® AutoCAD® 2010 software, Autodesk®
14 AutoCAD® 2011 software, Autodesk® AutoCAD® 2013 software, Autodesk® AutoCAD® 2014
15 software, Autodesk® AutoCAD® Architecture 2012 software, Autodesk® AutoCAD® Mechanical
16 2012 software, Autodesk® Buzzsaw® 2011 software, Autodesk® Buzzsaw® 2012 software,
17 Autodesk® Factory Design Suite 2012 software, Autodesk® Maya® 2014 software, Autodesk®
18 Mudbox® 2013 software, Autodesk® Raster Design 2013 software, Autodesk® Showcase® 2013
19 software, Autodesk® SketchBook® Designer 2013 software, and Autodesk® SketchBook® Pro
20 software. These products, along with their reference materials, are hereinafter collectively
21 referred to as the "Autodesk Products."

22     22. The Autodesk Products contain a large amount of material that is wholly original
23 with Autodesk and is copyrightable subject matter under the laws of the United States. At all
24 times herein relevant, Autodesk complied in all respects with the Copyright Act and secured the
25 exclusive rights and privileges in and to the copyrights in the Autodesk Products (collectively the
26 "Autodesk Copyrights").

27     23. Each of the Autodesk Products is an original work, copyrightable under the
28 Copyright Act, and has been timely registered in full compliance with the Copyright Act.

1  Autodesk has received a Certificate of Registration from the Register of Copyrights for each of
2  the Autodesk Products (see Exhibit B).

3  24. Since the registration of the Autodesk Copyrights, the Autodesk Products have
4  been published and distributed by Autodesk or under its authority in compliance with the
5  provisions of the Copyright Act. Autodesk has thus fully maintained the validity of the
6  copyrights in the Autodesk Products.

7  25. Autodesk has never authorized Defendants to copy or reproduce the Autodesk
8  Products in violation of any of the Autodesk Copyrights.

### **Corel's Software Products and Copyrights**

10  26. Corel's software products include archiving, graphics, painting, photo, video, and
11  other programs, including Corel® Paint Shop Pro® X6 software, Corel® WinZip® 9 software, and
12  Corel® WinZip® 10 software. These products, along with their reference materials, are
13  hereinafter collectively referred to as the "Corel Products."

14  27. The Corel Products contain a large amount of material that is wholly original with
15  Corel or its predecessor in interest and is copyrightable subject matter under the laws of the
16  United States. At all times herein relevant, Corel or its predecessor in interest complied in all
17  respects with the Copyright Act and secured the exclusive rights and privileges in and to the
18  copyrights in the Corel Products (collectively the "Corel Copyrights").

19  28. Each of the Corel Products is an original work, copyrightable under the Copyright
20  Act, and has been timely registered in full compliance with the Copyright Act. Corel possesses a
21  Certificate of Registration from the Register of Copyrights for each of the Corel Products (see
22  Exhibit C).

23  29. Since the registration of the Corel Copyrights, the Corel Products have been
24  published and distributed by Corel or under its authority in compliance with the provisions of the
25  Copyright Act. Corel has thus fully maintained the validity of the copyrights in the Corel
26  Products.

27  30. Corel has never authorized Defendants to copy or reproduce the Corel Products in
28  violation of any of the Corel Copyrights.

**The Business and Infringing Activities of Defendants**

31. Plaintiffs are informed and believe and thereon allege that defendants F21 and F21 Retail are in the business of retailing consumer products, including garments and accessories.

32. Plaintiffs are informed and believe and thereon allege that in conducting their business, Defendants have engaged in the unauthorized reproduction of certain of the Adobe Products, Autodesk Products, and Corel Products onto computers located at their premises, and that Defendants use copies of the Adobe Products, Autodesk Products, and Corel Products to conduct their business.

33. Plaintiffs are informed and believe and thereon allege that Defendants have not purchased adequate licenses for the Adobe Products, Autodesk Products, and Corel Products.

34. Plaintiffs are informed and believe and thereon allege that, without Plaintiffs' authorization, Defendants have: (a) copied and reproduced certain of the Adobe Products, Autodesk Products, and Corel Products; and (b) circumvented technological measures that effectively control access to the Adobe Products, Autodesk Products, and Corel Products (collectively, the "Access Control Technology").

35. Plaintiffs are informed and believe and thereon allege that Defendants continued their infringing activities even after being contacted by Adobe regarding the infringement.

36. Plaintiffs are informed and believe and thereon allege that Defendants have willfully, intentionally, and maliciously engaged in the acts and omissions complained of herein, without regard to Plaintiffs' proprietary rights.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement
by All Plaintiffs Against Both Defendants)**

37. Plaintiffs re-allege and incorporate herein by this reference each of the allegations contained in Paragraphs 1 through 36 above as though fully set forth.

38. Defendants' acts and omissions constitute willful, intentional, and malicious infringement of the Adobe Copyrights, Autodesk Copyrights, and Corel Copyrights in violation of the Copyright Act, 17 U.S.C. § 501.

39. Defendants' willful, intentional, and malicious copyright infringement has caused and will continue to cause Plaintiffs to suffer substantial injuries, loss, and damage to their proprietary and exclusive rights to the Adobe Products, Autodesk Products, and Corel Products; and has caused and will continue to cause Plaintiffs to lose profits in amounts not yet ascertained.

40. Defendants' copyright infringement, and the threat of continuing infringement by Defendants, have caused and will continue to cause Plaintiffs to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' continuing acts and omissions complained of herein, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate Plaintiffs for the injuries already inflicted and further threatened by Defendants. Therefore, Plaintiffs respectfully request as prayed for below that Defendants be restrained and enjoined as authorized by the Copyright Act.

## SECOND CLAIM FOR RELIEF

**(Circumvention of Copyright Protection Measures, by All Plaintiffs Against Both Defendants)**

41. Plaintiffs re-allege and incorporate herein by this reference each of the allegations contained in Paragraphs 1 through 40 above as though fully set forth.

42. The Adobe Products, Autodesk Products, and Corel Products contain Access Control Technology used to prevent access to the Adobe Products, Autodesk Products, and Corel Products by those who do not have legal access.

43. Plaintiffs are informed and believe and thereon allege that, without Plaintiffs' authorization, Defendants willfully, intentionally, and maliciously circumvented the Access Control Technology in violation of 17 U.S.C. § 1201(a).

44. Defendants' willful, intentional, and malicious circumvention of the Access Control Technology has caused and will continue to cause Plaintiffs to suffer substantial injuries, loss, and damage to, respectively, their proprietary and exclusive rights to the Adobe Products, Autodesk Products, and Corel Products and the Adobe Copyrights, Autodesk Copyrights, and Corel Copyrights; and has caused and will continue to cause Plaintiffs to lose profits in amounts

not yet ascertained.

45. Defendants' circumvention of the Access Control Technology, and the threat of continuing circumvention, have caused and will continue to cause Plaintiffs to suffer repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Plaintiffs adequate relief at law for Defendants' continuing acts and omissions complained of herein, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate them for the injuries already inflicted and further threatened by Defendants. Therefore, Plaintiffs respectfully request as prayed for below that Defendants be restrained and enjoined as authorized by the Copyright Act, and any device or product in Defendants' possession, custody, or control that enabled or was involved in the circumvention be impounded pursuant to 17 U.S.C. § 1203(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek relief as follows:

1. That, upon motion, the Court issue a preliminary injunction enjoining and restraining Defendants and their agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

    (a) Copying, reproducing, distributing, or using any unauthorized copies of Adobe's copyrighted software products, Autodesk's copyrighted software products, or Corel's copyrighted software products;

    (b) Otherwise infringing any of Adobe's copyrights, Autodesk's copyrights, or Corel's copyrights;

    (c) Circumventing any technological measure that effectively controls access to any of Adobe's copyrighted software products, Autodesk's software products, or Corel's copyrighted software products;

    (d) Destroying, or otherwise disposing of, or altering any copies of software or other products, materials, technologies, services, devices, components, documents, or electronically stored data or files that relate or pertain in any way to the:

        (i) Copying, reproduction, distribution or use of any of Adobe's

1 copyrighted software products, Autodesk's copyrighted software products, or Corel's copyrighted software products;

      (ii)    Circumvention of any technological measure that effectively controls access to any of Adobe's copyrighted software products, Autodesk's copyrighted software products, or Corel's copyrighted software products; or

      (iii)   Infringement of any of Adobe's copyrights, Autodesk's copyrights, or Corel's copyrights.

2. That the Court issue a permanent injunction making permanent the orders requested in paragraphs 1(a), (b), and (c) of this Prayer for Relief;

3. That Plaintiffs be awarded for Defendants' willful, intentional, and malicious copyright infringement either: (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' infringement of Adobe's copyrighted software products, Autodesk's copyrighted software products, and Corel's copyrighted software products; or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Plaintiffs' elections before the entry of a final judgment;

4. That Plaintiffs be awarded for Defendants' willful, intentional, and malicious circumvention of technological copyright protection measures either: (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' circumvention; or (b) statutory damages for each violation in an amount provided by law, as set forth in 17 U.S.C. § 1203(c), at Plaintiffs' elections before the entry of a final judgment;

5. That the Court issue an order upon entry of judgment in this action requiring Defendants to destroy any and all infringing copies in Defendants' possession, custody, or control of Adobe's copyrighted software products, Autodesk's copyrighted software products, and Corel's copyrighted software products, as set forth by the Copyright Act, 17 U.S.C. § 503(b);

6. That the Court issue an order requiring Defendants to serve on Plaintiffs within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants has complied with the injunction;

7. That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17

1 | U.S.C. §§ 505 and 1203(b);

2 |     8.    That the Court award Plaintiffs their costs of suit incurred herein; and

3 |     9.    That the Court grant such other and further relief as it deems just and proper.

Dated: January 28, 2015          DONAHUE FITZGERALD LLP

By: /s/ Julie E. Hofer
    Julie E. Hofer
    Attorneys for Plaintiffs
    ADOBE SYSTEMS INCORPORATED,
    AUTODESK, INC., and COREL CORPORATION

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of this action.

Respectfully submitted,

Dated: January 28, 2015         DONAHUE FITZGERALD LLP


By: /s/ Julie E. Hofer
    Julie E. Hofer
    Attorneys for Plaintiffs
    ADOBE SYSTEMS INCORPORATED,
    AUTODESK, INC., and COREL
    CORPORATION