1   ERIC DONEY, #76260
    *edoney@donahue.com*
2   JULIE E. HOFER, #152185
    *jhofer@donahue.com*
3   ANDREW S. MACKAY, #197074
    *amackay@donahue.com*
4   DONAHUE FITZGERALD LLP
    Attorneys at Law
5   Oakland, California  94612-3520
    Telephone:    (510) 451-3300
6   Facsimile:    (510) 451-1527

7   Attorneys for Plaintiffs
    ADOBE SYSTEMS INCORPORATED,
8   AUTODESK, INC., and COREL
    CORPORATION
9

    SEONG H. KIM, # 166604
    skim@steptoe.com
    JAMES C. WALD, # 229108
    jwald@steptoe.com
    STEPTOE & JOHNSON LLP
    2121 Avenue of the Stars
    Los Angeles, CA 90067
    Telephone: (310) 734-3200
    Facsimile (310) 734-3300

    DAVID H. KWASNIEWSKI,  #281985
    dkwasniewski@steptoe.com
    STEPTOE & JOHNSON LLP
    1001 Page Mill Road
    Building 4, Suite 150
    Palo Alto, CA 94304
    Telephone: (650) 687-9500
    Facsimile: (650) 687-9499

10
    Attorneys for Defendants
11  FOREVER 21, INC. and FOREVER 21
    RETAIL, INC.
12
                    UNITED STATES DISTRICT COURT
13
                    NORTHERN DISTRICT OF CALIFORNIA
14

15
    ADOBE SYSTEMS INCORPORATED, a
16  Delaware corporation, AUTODESK, INC.,
    a Delaware corporation and COREL
17  CORPORATION, a Canadian corporation,

18              Plaintiffs,

19          v.

20  FOREVER 21, INC., a Delaware
    corporation, and FOREVER 21 RETAIL,
21  INC., a California corporation,

22              Defendants.

23

Case No.  3:15-cv-00404-WHA

**JOINT CASE MANAGEMENT
CONFERENCE AND RULE 26(f)
STATEMENT**

CMC Date:       April 30, 2015
Time:           11:00 a.m.
Location:       Courtroom 8, 19th Floor
Judge:          Hon. William H. Alsup

24

25

26

27

28

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

**1. Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Jurisdiction over Defendant Forever 21, Inc. and Defendant Forever 21 Retail, Inc. (collectively, "Forever 21") exists pursuant to 17 U.S.C. § 501, et seq. (copyright), 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. § 1338 (copyright actions). Jurisdiction exists because Forever 21 are residents of California.

No issues exist regarding personal jurisdiction or venue.

**2. Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiffs Adobe Systems Incorporated, Autodesk, Inc., and Corel Corporation (collectively, "Plaintiffs") develop and license software products. Individuals and businesses license Plaintiffs' software for a variety of uses.

Forever 21 operates retail stores nationally and internationally. Forever 21 has installed and copied some of Plaintiffs' software onto some of Forever 21's computers.

Plaintiffs' Position On Disputed Facts:

Forever 21's installation and copying of Plaintiffs software products was without adequate licenses. Although Forever 21 had purchased licenses for some of Plaintiffs' software products, Forever 21 installed Plaintiffs' software products on more computers than were permitted by the licenses at issue, and installed other software products despite having no licenses at all. These unauthorized installations occurred with Forever 21's knowledge and conferred economic benefits on Forever 21. To install some of the unlicensed copies, Forever 21 used unauthorized codes or hacking software. Forever 21 willfully sought to conceal their infringement from

1    Plaintiffs.

2          Forever 21's Position On Disputed Facts:

3          Forever 21 had adequate licenses to install and copy Plaintiffs' software products on its

4    computers.  For several of Plaintiffs' software products, Forever 21 had extra licenses.  Any

5    unauthorized installations (which Forever 21 denies) occurred without Forever 21's knowledge,

6    conferred no economic benefits on Forever 21, were de minimis, unintentional, and caused no

7    actual damages to the Plaintiffs.  In addition, Forever 21 denies that it used any "unauthorized

8    codes" or "hacking software." to install unauthorized versions of Plaintiffs' software on Forever

9    21's computers.  Regardless, Forever 21 believes that many of the Plaintiffs' copyrights are no

10   longer valid and enforceable.

11   **3. <u>Legal Issues</u>**

12         *A brief statement, without extended legal argument, of the disputed points of law,*

13   *including reference to specific statutes and decisions.*

14         <u>Plaintiffs' Legal Issues</u>: There is a legal issue whether Forever 21 infringed Plaintiffs'

15   copyrights pursuant to 17 U.S.C. § 106 by making unlicensed copies of Plaintiffs' software

16   products onto Forever 21's computer hardware. There is an issue of the amount of damages

17   appropriate under 17 U.S.C. § 504. There is an issue of whether preliminary and/or permanent

18   injunctive relief against Forever 21 is appropriate under 17 U.S.C. § 502. There is a legal issue

19   whether Forever 21 used anti-circumvention technology to access Plaintiffs' software, in violation

20   of 17 U.S.C. § 1201 *et seq*. There is an issue whether Plaintiffs are entitled to their attorneys' fees

21   under 17 U.S.C. § 505.

22         <u>Forever 21's Legal Issues</u>:  In addition to those listed above, the following legal issues are

23   in dispute: (a) whether Plaintiffs' copyrights are valid and enforceable; (b) whether elements of

24   Plaintiffs' software are functional, not original, or otherwise unprotectable; (c) whether the

25   express or implied license agreements between the parties rendered Forever 21's alleged use of

26   the copyrighted works permissible; (d) whether Plaintiffs' have misused their copyrights so as to

27   render them unenforceable; (e) whether Forever's 21's use of the copyrighted works constitutes

28   "fair use"; (f) whether the alleged infringement caused the Plaintiffs to suffer any actual damages;

(g) whether the alleged copying was de minimis; (h) whether Plaintiffs' practice of selling the copyrighted products in large bundles renders those bundles a single "work" within the meaning of 17 U.S.C. § 504(c); (i) whether the alleged infringement was committed by third parties without the knowledge of Forever 21; (j) whether the alleged circumvention of copyright protection measures was innocent; and (k) whether the Plaintiffs come to the Court with unclean hands due to their practice of paying unidentified third parties to "inform" on alleged infringers and then demanding exorbitant license fees to avoid a lawsuit; and (l) whether Forever 21 is entitled to its reasonable attorneys' fees in the event it prevails under 17 U.S.C. § 505.

**4.  Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

No motions are currently pending. Plaintiffs may file a motion for summary judgment. Forever 21 may file a motion for summary judgment.

**5.  Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties currently do not anticipate any amendments of the pleadings. The parties propose March 18, 2016 as the deadline for the parties to file any motion or stipulation seeking amendment of the pleadings.

**6.  Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Plaintiffs have instructed Forever 21 to preserve evidence. Plaintiffs and Forever 21 believe that they have taken reasonable and appropriate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Plaintiffs and Forever 21 have agreed to exchange initial disclosures before May 29, 2015.

**8.  Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiffs have served interrogatories and requests for production of documents on Forever 21.  Forever 21 plan on serving Plaintiffs with interrogatories and the request for production of documents.

Forever 21 believes that extensive written and deposition discovery is not appropriate in this case and unlikely to resolve the key factual disputes which concern Plaintiffs' marketing and sale of their software to Forever 21, and Forever 21's use of that software.  Forever 21 thus proposes a reasonable limit of 25 interrogatories per side and that each side be limited to ten Rule 30(b)(6) depositions.

Plaintiffs respond that the interrogatories they have served collectively exceed the limit proposed by Forever 21, but are within the limits required by Federal Rule of Civil Procedure 33(a)(1). Plaintiffs maintain that the limit on interrogatories requested by Forever 21 is unwarranted, given the size of Forever 21, the potential scope of Forever 21's infringement and the number of copyrighted works at issue. Plaintiffs' propose that the number of Rule 30(b)(6) depositions be governed by Federal Rule of Civil Procedure 30 with no additional restrictions. This also allows the parties to seek leave of the Court if additional depositions are necessary.

**9.  Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

Not applicable.

- 4 -

**10. Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

None.

**11. Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiffs have not yet decided whether to seek relief in the form of actual damages plus the profits of Forever 21 related to the infringement, or statutory damages. If Plaintiffs elect actual damages, the amount of damages will be based upon Plaintiffs' lost profits or Forever 21's unjust enrichment as a result of Forever 21's infringement. If Plaintiffs elect statutory damages, it will be for Forever 21's knowing, intentional and malicious infringement of Plaintiffs' copyrights. In either event, the amount of Plaintiffs' damages will be determined in an appropriate amount based upon information obtained in discovery and through other sources.

Plaintiffs also seek a preliminary injunction and a permanent injunction preventing further infringing use of Plaintiffs' copyrights and illegal use of anti-circumvention technology to access Plaintiffs' copyrighted software.

Forever 21 does not concede liability for any claimed infringement in this case. However, were such liability established, Forever 21 agrees that that Copyright Act provides for actual damages or statutory damages. Forever 21 contend that the proper measure for either form of damages in this case is zero.

Forever 21 seeks a judgment finding no infringement and that Plaintiffs' asserted copyrights are invalid and unenforceable, and further awarding Forever 21 its reasonable costs and attorneys' fees.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case,*

- 5 -

*including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiffs and Forever 21 stipulate to private mediation. The parties recognize that certain stages of discovery in this case may be unusually expensive and burdensome. Given the possibility of avoiding this burden, the parties stipulate to an early mediation—within 90 days. The parties may seek further private mediation session should the matter not settle pursuant to the first mediation session.

**13.  Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

_ YES    __X__ NO

**14.  Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Not Applicable.

**15.  Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

None at this time.

**16.  Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Not Applicable.

**17.  Scheduling**

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive*

- 6 -

*motions, pretrial conference and trial.*

The parties agree that discovery in this case will be expensive and time-consuming, and depending on the schedule set by the Court have agreed to postpone the most onerous portions of discovery until completion of a private mediation to occur within 90 days because it may have a detrimental impact on the ability of the parties to resolve this matter on their own.  Accordingly, the Parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Deadline to file motion or stipulation seeking amendment of pleadings | March 18, 2016 |
| Fact Discovery Cut-off (all discovery responses must be due and served by this date) | April 15, 2016 |
| Last day for hearing on fact (non-expert) discovery motions | June 17, 2016 |
| Initial Expert Disclosures | April 1, 2016 |
| Rebuttal Expert Disclosures | April 29, 2016 |
| Expert Discovery Cut-off | June 17, 2016 |
| Last day for hearing on expert discovery motions | August 4, 2016 |
| Last day for hearing on non-discovery motions, including summary judgment or other dispositive motions | July 21, 2016 |
| Motions *in limine* filing deadline (hearing on motions to be held at Final Pretrial Conference or sooner) | August 24, 2016 |
| Final Pretrial Conference | Wednesday, August 31, 2016 at 2:00 p.m. |
| Trial | September 26, 2016 |

**18.  Trial**

> *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The parties expect a two-week jury trial.

**19.  Disclosure of Non-party Interested Entities or Persons**

> *Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties have filed their Certification of Interested Entities or Persons. Plaintiffs disclosed the following entity: Software Publishers Association, doing business as the Software & Information Industry Association   ("SIIA"), is a not-for-profit trade association located in Washington D.C., organized pursuant to Section 501(c)(6) of the Internal Revenue Code to, among other things, represent participants in the SIIA anti-piracy program in preventing infringement of the respective copyrights of said participants.   Adobe Systems Incorporated, Autodesk, Inc., and Corel Corporation have authorized the SIIA to assist them in this litigation.

Apart from the SIIA, Forever 21 is not aware of any other Non-party Interested Entities or Persons.

**20.  Professional Conduct**

> *Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other**

> *Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties agree to accept service of documents by electronic mail, with service effective

- 8 -

1   the date that the electronic mail is transmitted.

2   Dated: April 23, 2015                    DONAHUE FITZGERALD LLP

3

4                                            By:/s/ Andrew S. MacKay

5                                                Eric Doney
                                                 Julie E. Hofer
6                                                Andrew S. MacKay
                                                 Attorneys for Plaintiffs
7                                                ADOBE SYSTEMS INCORPORATED,
                                                 AUTODESK, INC., and COREL
8                                                CORPORATION

9   Dated: April 23, 2015                    STEPTOE & JOHNSON LLP

10

11

12                                           By:/s/ James C. Wald

13                                               Seong H. Kim
                                                 James C. Wald
14                                               David H. Kwasniewski
                                                 Attorneys for Defendants
15                                               FOREVER 21, INC. and FOREVER 21
                                                 RETAIL, INC.

16

17

18

19          Attestation Regarding Signature: This document is being filed electronically under my

20   ECF User ID and Password.  Pursuant to Local Rule 5-1(i)(3), I hereby attest that concurrence in

21   this filing of this document has been obtained from the signatories to this document.

22                                                        /s/ Andrew S. MacKay

23                                                        Andrew S. MacKay

24

25

26

27

28

1

CASE MANAGEMENT ORDER

2

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3

approved as the Case Management Order for this case and all parties shall comply with its

4

provisions.   [In addition, the Court makes the further orders stated below:]

5

6

IT IS SO ORDERED.

7

8

Dated: _____            _____

9

Hon. William H. Alsup

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28